```
                IN THE DISTRICT COURT OF THE UNITED STATES
                    FOR THE NORTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


 UNITED STATES OF AMERICA       )
                                )
            Plaintiff,          )   Magistrate Vecchiarelli
                                )   Cleveland, Ohio
       vs.                      )
                                )   Civil Action
 WILLIAM ROGERS,                )   Number 5:09CR453
                                )
            Defendant.          )

                              - - - - -

              TRANSCRIPT OF PROCEEDINGS HAD BEFORE

              THE HONORABLE NANCY A. VECCHIARELLI

                        JUDGE OF SAID COURT,

                   ON TUESDAY, JANUARY 5, 2010
                              - - - - -


 For the Government:            HENRY DEBAGGIS, ESQ.,
                                Assistant U.S. Attorney
                                801 West Superior Avenue
                                Cleveland, Ohio 44113
                                (216) 622-3600

 For the Defendant:             CHARLES R. QUINN, ESQ.,
                                223 Whittier Drive
                                Kent, OH 44240
                                (330) 221-0939


 Official Court Reporter:       Shirle M. Perkins, RDR, CRR
                                U.S. District Court
                                801 West Superior, #7-189
                                Cleveland, OH 44113-1829
                                (216) 357-7106


 Proceedings recorded electronically. Transcript produced by
 mechanical stenography with computer-aided transcription.
```

```
1           Tuesday Session, January 5, 2010, at 10:20 A.M.
2               THE CLERK:  This is Case Number 5:05CR49 --
3   this is Case Number 5:09CR453, United States of America
4   versus William M. Rogers.
5               THE COURT:  All right.  Good morning.
6               COUNSEL:  Good morning.
7               THE COURT:  This matter has been referred to
8   me for purposes of receiving the Defendant's guilty plea.
9      Mr. Quinn is that correct, your understanding?
10              MR. QUINN:  That is correct, your Honor.
11              THE COURT:  Okay.  Wanda, would you please
12  swear in Mr. Rogers.
13              THE CLERK:  Raise your right hand, please.
14  You can remain seated.
15       (Defendant sworn.)
16              THE COURT:  All right.
17      I'm just going to ask you to speak into the
18  microphone.  You can stay seated, but make sure you speak
19  into the microphone.  Okay?  Are you William Rogers?
20              THE DEFENDANT:  Yes, ma'am.
21              THE COURT:  Okay.
22      You've just been placed under oath.  Any statements
23  you make must be truthful, otherwise they could be used
24  against you in a subsequent prosecution for perjury or
25  making a false statement.  Do you understand that?
```

1   THE DEFENDANT: Yes.
2   THE COURT: Okay. This matter -- first of
3   all, let me ask you, are you presently under the influence
4   of any drugs, alcohol, medications, substances of any kind
5   that affect your ability to think or to understand?
6   THE DEFENDANT: No, ma'am.
7   THE COURT: Mr. Quinn, do you have any reason
8   to question the Defendant's mental abilities and competency
9   to proceed today.
10   MR. QUINN: No, I do not.
11   THE COURT: Okay.
12   Mr. Rogers, I have before me a form that's Consent to
13   the Order of the Referral to me, and it purports to be
14   signed by you. Did you, in fact, sign this?
15   THE DEFENDANT: Yes, ma'am.
16   THE COURT: Did you go over it with your
17   attorney before you signed it?
18   THE DEFENDANT: Yes, ma'am.
19   THE COURT: Do you understand it?
20   THE DEFENDANT: Yes, ma'am.
21   THE COURT: Any questions or anything you'd
22   like clarified?
23   THE DEFENDANT: No, ma'am.
24   THE COURT: Is it, in fact, your desire to
25   consent to proceeding before me today for purposes of

1     receiving your guilty plea?
2                THE DEFENDANT:  Yes, ma'am.
3                THE COURT:  Anybody make any threats or
4     promises to you to cause you to consent to proceeding before
5     me?
6                THE DEFENDANT:  No, ma'am.
7                THE COURT:  I find you have knowingly and
8     voluntarily consented to proceeding before me.  All right.
9          Now, Mr. Rogers, I need to know a little bit about
10    your background before we look into this plea agreement.
11         Sir, how far did you go in school?
12               THE DEFENDANT:  College.
13               THE COURT:  Where did you go to college?
14               THE DEFENDANT:  UCLA.
15               THE COURT:  In California?
16               THE DEFENDANT:  Yes, ma'am.
17               THE COURT:  So you're not exactly used -- so
18    this weather we have out here today is a little different
19    than what you see in California, huh?
20               THE DEFENDANT:  Yes.
21               THE COURT:  Okay.  I take it then -- what did
22    you major in in college?
23               THE DEFENDANT:  History.
24               THE COURT:  I take it you have no difficulty
25    reading and writing on your own without any assistance?

1           THE DEFENDANT:  No, ma'am.
2           THE COURT:  Okay.  I have before me a guilty
3  plea, says Statement of a Guilty Plea, and it purports to be
4  signed by you.  Did you sign this?
5           THE DEFENDANT:  Yes, ma'am.
6           THE COURT:  Okay.  And did you read it before
7  you signed it?
8           THE DEFENDANT:  Yes, I did.
9           THE COURT:  And did you initial each page to
10 indicate that you understood it?
11          THE DEFENDANT:  Yes, ma'am.
12          THE COURT:  Okay.  So I take it -- I mean this
13 is a statement of guilty plea.  So I take it there's no
14 agreement.
15          MR. DeBAGGIS:  There's no plea agreement as
16 such, but it's my understanding that Judge Wells would
17 prefer what we recommend to the Court.
18          THE COURT:  All right.  That would be a
19 statement that shows he understands all his rights.  The
20 only thing I'm a little bit confused about is that it looks
21 like the parties agree -- it indicates the following; that
22 the parties agree to a Sentencing Guideline calculation and
23 agree to make that recommendation to the Court.
24          MR. DeBAGGIS:  Correct.
25          THE COURT:  Okay.  Well, that would be an

1    agreement.

2    MR. QUINN: We have an eight-point agreement;
3    is that correct?

4    MR. DeBAGGIS: I believe you're correct, your
5    Honor.

6    THE COURT: It's for ten; six plus six, 12,
7    minus two for acceptance of responsibility.

8    MR. DeBAGGIS: Correct.

9    THE COURT: So there is an agreement as to
10    the -- as to the correct range?

11    MR. DeBAGGIS: Yes, there is.

12    THE COURT: There's not an agreement as to a
13    particular sentence, but there's an agreement as to the
14    range?

15    MR. DeBAGGIS: Yes.

16    THE COURT: And I take it that the Defense
17    intends to ask for a sentence below the range, is that why
18    it's not an agreement.

19    MR. DeBAGGIS: We left it open. We're not
20    dismissing counts. He's pleading to the indictment, and we
21    agree this is the range.

22    MR. QUINN: Correct.

23    THE COURT: So there's an agreement -- limited
24    agreement as to the range. Everything else is --

25    MR. DeBAGGIS: Yes.

1	THE COURT: -- open, if you will, or --
2	MR. QUINN: That's correct.
3	THE COURT: Okay. Did you understand all
4	that, Mr. Rogers?
5	THE DEFENDANT: Yes, ma'am.
6	THE COURT: Okay. So you signed the plea
7	agreement or the statement?
8	THE DEFENDANT: Yes, ma'am.
9	THE COURT: And you initialled each page?
10	THE DEFENDANT: Yes, ma'am.
11	THE COURT: And you -- did you do that to
12	indicate that you understood each page?
13	THE DEFENDANT: Yes, ma'am.
14	THE COURT: Okay.
15	Now, first of all, I want to make sure you understand
16	that even though you've come in to court today with the
17	stated intention of entering a plea of guilty and consented
18	to proceeding before me, you have an absolute right to
19	persist in a plea of not guilty and proceed to trial if
20	that's what you want to do.
21	Do you understand had a?
22	THE DEFENDANT: Yes, ma'am.
23	THE COURT: Okay.
24	Now, if you proceed to trial, you have certain rights,
25	and if you enter a plea of guilty, you waive or give up

1    these rights.  If you proceeded to trial, you would have the
2    right to a trial by jury.  Do you understand that?
3                 THE DEFENDANT:  Yes, ma'am.
4                 THE COURT:  And you would be -- if you wanted
5    to proceed to trial, I see you've got -- that Mr. Quinn is
6    retained counsel, but if you wanted to proceed to trial and
7    could not afford an attorney to proceed to trial, you could
8    ask the Court to appoint a counsel for you, and you're
9    entitled to counsel at all stages of the proceedings.
10         Do you understand that?
11                THE DEFENDANT:  Yes, ma'am.
12                THE COURT:  And if you could not afford
13   counsel, a trial -- a lawyer would be appointed for you.  Do
14   you understand all that?
15                THE DEFENDANT:  Yes, ma'am.
16                THE COURT:  Okay.
17        At trial, you would be presumed innocent and the
18   Government would have to prove guilt beyond a reasonable
19   doubt.  You understand that?
20                THE DEFENDANT:  Yes, ma'am.
21                THE COURT:  At trial, you would have the right
22   to confront and examine adverse witnesses; that is,
23   witnesses that the Government presented against you.  And
24   you would be protected from compelled self-incrimination.
25   That means the Government could not call you to the witness

1 stand and require you to testify against yourself.  Do you
2 understand that?
3     THE DEFENDANT:  Yes, ma'am.
4     THE COURT:  On the other hand, if you
5 proceeded to trial, and you wanted to, after consultation
6 with your attorney, you wanted to testify or you wanted to
7 present evidence, you could do that.  Do you understand
8 that?
9     THE DEFENDANT:  Yes, ma'am.
10     THE COURT:  And you could compel the
11 attendance of witnesses at trial by means of a court order,
12 known as a subpoena.  Do you understand that?
13     THE DEFENDANT:  Yes, ma'am.
14     THE COURT:  Now, if the Court accepts a plea
15 of guilty, you waive or give up all these rights, and there
16 will be no trial of any kind.  Do you understand that?
17     THE DEFENDANT:  Yes, ma'am.
18     THE COURT:  Let me also ask you, this is a
19 two-count indictment, and I understand the plea will be to
20 the indictment.  Do you understand the nature of the charges
21 in each count of the indictment?
22     THE DEFENDANT:  Yes, ma'am.
23     THE COURT:  And let me ask you Mr. Quinn, have
24 you explained all the elements of each count to Mr. Rogers?
25     MR. QUINN:  I have, your Honor.

1        THE COURT:  And you believe he understands it?
2        MR. QUINN:  I believe he understands it.  He's
3    demonstrated that.
4        THE COURT:  Okay.  All right.
5    Now, let's look at the statement of guilty plea here.
6    I believe the first paragraph, much of it, the part that
7    talks about the rights, we've gone over.  The last line
8    indicates that you agree to enter guilty pleas to the
9    two-count indictment and admit that you are, in fact, guilty
10   of these offenses; theft of public money, in violation of
11   Title 18, United States Code 641, and Social Security fraud,
12   in violation of Title 42, United States Code, Section
13   408(a)(7)(B).  Is that correct?
14       THE DEFENDANT:  Yes, ma'am.
15       THE COURT:  Now the next headline talks about
16   sentencing and it indicates that you understand and agree
17   that the maximum penalty for violating section 641 is ten
18   years imprisonment, $250,000 fine, and not more than three
19   years of supervised release, and that the maximum penalty
20   for violating that would be -- Count 2, under Title 42, is
21   five years imprisonment, a $250,000 fine, and not more than
22   three years of supervised release.
23   Do you understand all that?
24       THE DEFENDANT:  Yes, ma'am.
25       THE COURT:  If you violate the terms of your

1 supervised release, you could be sentenced to an additional
2 term of imprisonment, including a term resulting in a total
3 sentence that may exceed the statutory maximum for the
4 offenses set forth in Count 1 and Count 2.
5     Do you understand all that?
6         THE DEFENDANT: Yes, ma'am.
7         THE COURT: Pardon me?
8         THE DEFENDANT: Yes, ma'am.
9         THE COURT: Okay.
10     You also agree and understand that you're required to
11 pay a special assessment of $200 that will be payable -- due
12 and payable at the time of sentencing? Do you understand
13 that?
14         THE DEFENDANT: Yes, ma'am.
15         THE COURT: All right.
16     It also indicates that you agree and understand that
17 federal sentencing law requires the Court to impose a
18 sentence that is reasonable, and the Court must consider the
19 Advisory Sentencing Guidelines Manual in effect at the time
20 of sentencing in determining a sentence that is sufficient
21 but not greater than necessary to comply with the purposes
22 of sentencing set forth in 18 USC, Section 3553(a).
23     You also indicate that you understand sentencing is
24 within the discretion of the Court, and that you had ample
25 opportunity to discuss this matter with your attorney, and

1    that you have, in fact, discussed the impact of the
2    Sentencing Guidelines and the statutory maximums with your
3    attorney, and you're satisfied with your attorney's advice
4    in this case, and the parties agree that the following
5    calculation represents a correct computation of the
6    applicable offense level in this case and agree to make this
7    recommendation to the Court; that is, that you have a Base
8    Offense Level of 6, that the loss is more than $30,000,
9    which adds six points, which gives you a subtotal of 12, and
10   there would be a reduction of two points for acceptance of
11   responsibility for a total offense level of 10.
12          Do you understand that?
13                  THE DEFENDANT:  Yes, ma'am.
14                  THE COURT:  All right.
15          Do you understand that if you are not satisfied with
16   the sentence that the Court imposes, you will not be
17   entitled to withdraw a plea of guilty?
18                  THE DEFENDANT:  Yes, ma'am.
19                  THE COURT:  All right.
20          I have -- and it should be on the table -- a
21   Sentencing Guideline table.  You have that in front of you?
22                  THE DEFENDANT:  Yes, ma'am.
23                  THE COURT:  Have you gone over this with Mr.
24   Quinn?
25                  MR. QUINN:  Yes, ma'am.

1         THE COURT: And you've seen -- you've seen a
2    table like this before?
3         THE DEFENDANT: Yes, ma'am.
4         THE COURT: Do you understand that the offense
5    level goes up and down the page and the criminal history
6    goes across the page?
7         THE DEFENDANT: Yes, ma'am.
8         THE COURT: I take it in this case, there is
9    no agreement as to the Defendant's criminal history?
10        MR. DeBAGGIS: No, there is no agreement.
11        THE COURT: Is that correct, Mr. Quinn?
12        MR. QUINN: There's no agreement.
13        THE COURT: Is that right, Mr. Rogers?
14        THE DEFENDANT: Yes, ma'am.
15        THE COURT: Okay.
16      So you understand that at whatever offense level you
17   may be or whatever arguments you may want to present to the
18   Court, that your criminal history is going to affect
19   ultimately the sentencing range at the particular offense
20   level? You understand?
21        THE DEFENDANT: Yes, ma'am.
22        THE COURT: Okay. All right.
23      Paragraph D on Page 3 indicates that you understand
24   that all determinations regarding the offense level at which
25   you are sentenced in your criminal history will be made by


1  the Court with the aid of the Probation Department, and your
2  plea, guilty plea, will remain in effect, and you may not
3  withdraw it based on these determinations?
4              THE DEFENDANT:  Yes, ma'am.
5              THE COURT:  Do you understand all that?
6              THE DEFENDANT:  Yes, ma'am.
7              THE COURT:  All right.
8       The Court, within its discretion, may order you to pay
9  a fine, make restitution, and to pay the cost of
10 incarcerations and supervised release, if any.
11      Do you understand that?
12             THE DEFENDANT:  Yes, ma'am.
13             THE COURT:  The final determination regarding
14 the appropriate sentence will be made by the Court.  In the
15 plea agreement, or in the Statement of Plea, you indicate
16 that you understand the Court may impose any sentence
17 provided by law up to and including the statutory maximum
18 set forth above in this agreement, and that your guilty plea
19 shall remain in effect, and you would not be permitted to
20 withdraw your guilty plea if the Court accepts it.
21      Do you understand that?
22             THE DEFENDANT:  Yes, I do.
23             THE COURT:  You understand that when you enter
24 a plea of guilty, not only do you give up certain trial
25 rights or waive certain trial rights, you also have limited

1     appeal rights, rights to appeal.  You understand that?
2                THE DEFENDANT:  Yes, ma'am.  Yes, I do.
3                THE COURT:  Have you gone over that with him,
4     Mr. Quinn?
5                MR. QUINN:  Yes.
6                THE COURT:  Okay.  All right.
7          On Page 4, there's a factual basis for the plea.  I am
8     going to ask you to read that factual basis.  I'll read it
9     to you if you prefer or you can read it to yourself.
10         Do you want to read it to yourself?
11               THE DEFENDANT:  Yes, ma'am.
12               THE COURT:  Mr. Rogers?
13               THE DEFENDANT:  Yes, ma'am.
14               THE COURT:  Do you want to read it to
15    yourself?
16               THE DEFENDANT:  Yes, I do.
17               THE COURT:  And I'm going to ask you at the
18    end of that if each and every statement in there is true and
19    correct.  Okay?
20               THE DEFENDANT:  Yes, ma'am.
21               (Pause.)
22               THE DEFENDANT:  Yes, ma'am.
23               THE COURT:  You've read it all?
24               THE DEFENDANT:  Yes, ma'am.
25               THE COURT:  Okay.  You a faster reader than I

1   am.

2              MR. QUINN: I believe Mr. Rogers has read it
3   before.

4              THE COURT: All right.

5       Is each and every statement set forth in the factual
6   basis for the plea on Page 4 true and correct?

7              THE DEFENDANT: True.

8              THE COURT: Okay.

9       Let me ask you if you acknowledge that your offer to
10  plead guilty is freely and voluntarily made, and no threats,
11  promises, or representations have been made, nor agreements
12  reached, other than what is set forth in this statement of
13  plea as to the Guideline offense level to induce you to
14  plead guilty. Is that true?

15             THE DEFENDANT: That's correct.

16             THE COURT: Okay.

17      You further declare -- do you also declare you're not
18  under the influence of anything that impairs your ability to
19  fully understand the terms and conditions of the plea
20  agreement?

21             THE DEFENDANT: Yes.

22             THE COURT: Okay.

23      Now, the signature -- the last paragraph is an
24  acknowledgment by your attorney, but I'm going to ask you
25  something similar. Do you also acknowledge that you've

1  discussed this case and the plea agreement with your
2  attorney in detail and have been advised by your attorney of
3  the constitutional and other rights of an accused, the
4  factual basis for, and the nature to which the offense of
5  guilty plea will be entered, possible defenses, and the
6  consequences of a guilty plea, including sentencing
7  ramifications?
8              THE DEFENDANT: Yes, ma'am.
9              THE COURT: Are you fully satisfied with the
10 effort, assistance, and counsel provided by your attorney?
11             THE DEFENDANT: Yes, ma'am.
12             THE COURT: Have any assurances promises or
13 representations been made to you by the United States or any
14 of its representatives, other than the recommendation that's
15 in this statement of plea?
16             THE DEFENDANT: No, ma'am.
17             THE COURT: Okay. Is there any reason I
18 should not now proceed to Counts 1 and 2 of the indictment
19 and ask the Defendant for his plea, Mr. DeBaggis?
20             MR. DeBAGGIS: No, your Honor.
21             THE COURT: Mr. Quinn?
22             MR. QUINN: No, your Honor.
23             THE COURT: Mr. Rogers?
24             THE DEFENDANT: No, ma'am.
25             THE COURT: Okay.

1      Do you have a copy of the indictment in front of you?
2              THE DEFENDANT:  Yes, ma'am.
3              THE COURT:  Okay.
4      Count 1, the Grand Jury charges from on or about July,
5  2002, through on or about May, 2008, in the Northern
6  District of Ohio, Eastern Division, the Defendant William M.
7  Rogers did embezzle, steal, purloin, and knowingly concert
8  to his use and the use of another, one or more Social
9  Security Administration Supplemental Security Income Program
10 benefits, being money and property of the United States, and
11 of a value in excess of $1,000; to-wit, the Defendant failed
12 to report his receipt of Social Security Administration Old
13 Age Retirement and Survivor's Insurance Benefit Program
14 benefits to the SSI program, resulting in a loss to the
15 Social Security Administration of $34,501.90, all in
16 violation of Title 18, United States Code, Section 641.
17     Do you understand those charges?
18             THE DEFENDANT:  Yes, ma'am.
19             THE COURT:  To Count 1 of the indictment, how
20 do you plead?
21             THE DEFENDANT:  Guilty.
22             THE COURT:  Count 2, the Grand Jury further
23 charges on or about May, 2006, in the Northern District of
24 Ohio, Eastern Division, the Defendant, William M. Rogers,
25 with the intent to deceive and for the purpose of obtaining

1	food stamp benefits from the Ohio Department of Job and
2	Family Services, to which he was not entitled, falsely
3	represented that his Social Security Number was -- and for
4	privacy reasons, the first five numbers are blocked with a
5	-- represented by an X, ending in 9825, when as he then well
6	knew his true Social Security number was -- and again, the
7	first five are blocked, and the last one -- four digits
8	being 0090, all in violation of Title 42, United States
9	Code, Section 408(a)(7)(B).
10	         Do you understand the nature of those charges?
11	              THE DEFENDANT:  Yes, ma'am.
12	              THE COURT:  To count 2 of the indictment, how
13	do you plead?
14	              THE DEFENDANT:  Guilty.
15	              THE COURT:  I'll find -- I find that you are
16	competent to enter the plea, you're aware of the nature of
17	the charges and the consequences of the plea, that the plea
18	is knowing and voluntary, that there is a factual basis for
19	each of the essential elements of the offense, and I will
20	recommend to Judge Wells that she accept your offer to plead
21	guilty.
22	      This case is set for sentencing on March 23, 2009, at
23	10:30 A.M. in Courtroom 19-A of this building.  At the
24	conclusion of this matter, it is referred to the Probation
25	Office for the preparation of a presentence report.  When

Case: 5:09-cr-00453-LW  Doc #: 9  Filed: 01/22/10  20 of 20.  PageID #: 42

20

1  you leave the courtroom today, you should proceed to the
2  third floor of this building to the Probation Office and
3  inform them that you have just entered a guilty plea, and
4  that they should begin preparation of the report, and we'll
5  give you something to take down there.
6          Is there anything further on behalf of the Government,
7  Mr. DeBaggis?
8              MR. DeBAGGIS:  No, thank you, your Honor.
9              THE COURT:  Mr. Quinn, on behalf of the
10 Defense?
11             MR. QUINN:  Nothing, your Honor.  Thank you.
12             THE COURT:  Mr. Rogers, anything?
13             THE DEFENDANT:  No, ma'am.
14             THE COURT:  All right.  Thank you.
15       Let me just go back and put on the record, I take it
16 there's no objection to continuing bond?
17             MR. DeBAGGIS:  No, there isn't.
18             THE COURT:  Okay.  So bond will be continued.
19             MR. QUINN:  Thank you, your Honor.
20             (Proceedings adjourned.)

          C E R T I F I C A T E
21       I certify that the foregoing is a correct
transcript from the record of proceedings in the
22 above-entitled matter.

23 s/Shirle Perkins
   Shirle M. Perkins, RDR, CRR
24 U.S. District Court - Room 7-189
   801 West Superior Avenue
25 Cleveland, Ohio 44113
   (216) 357-7106